# COUNTY OF AROOSTOOK.

† LONG *versus* HAMMOND *&* al.

Where the decree of a court of another government is interposed to judicial proceedings in this State, the jurisdiction of such court may properly become a matter of inquiry.

And where a person residing in this State, petitions a court of bankruptcy in the Province of New Brunswick, and obtains a discharge from all his debts, under the decree of that court, such discharge is invalid and can have no effect even upon a contract entered into in that Province.

But when such court of bankruptcy has jurisdiction of the person applying for the benefit of the bankrupt Act of that Province, and a decree is made in conformity with the requirements of their law, it operates to discharge the contracts of the applicant, and cannot be *impeached* in a subsequent action upon such contracts prosecuted in this State by a citizen of that Province.

The laws of a foreign country, in their effect upon contracts made under them, are recognized, not as having any binding force in our Courts, but on the principle of international comity.

As the bankrupt Acts of New Brunswick give no *liens* upon property attached, the attachment of the property of a petitioner for their benefit, *before* his petition is filed, cannot operate to hold the property after he has obtained his discharge from the contract on which the seizure was made.

ON FACTS AGREED.

ASSUMPSIT, on the following note, dated at Fredericton, Aug. 30, 1847.

"Six months after date, we promise to pay Charles Long, or order, the sum of eighty pounds c'y, for value received.

"A. B. & W. C. Hammond."

This writ was dated March 7, 1848, and on it was attached the defendants' real estate in the county of Aroostook.

The plaintiff and Andrew B. Hammond were, and ever have been inhabitants of New Brunswick. William C. Hammond, the other defendant, at the date of the writ, and ever since, resided with his family in this State.

On Aug. 24, 1848, these defendants petitioned for the benefit of the bankrupt Act of New Brunswick, a fiat was

issued on the 25th of the same August, and their discharge afterwards granted in pursuance of said Act. Their property was surrendered on the 28th of the same August, but no property out of the Province, was, at that time or since has been surrendered to the commissioner in bankruptcy.

At the time of the commencement of this suit, the defendant Andrew B., was the owner of real estate in the county of Aroostook.

Two sections of the bankrupt Act of New Brunswick, under which these proceedings were instituted were as follows:—

"XXIV. And be it enacted, that any bankrupt who shall have duly surrendered, and in all things conformed himself to the laws in force at the time of issuing the fiat in bankruptcy against him, shall be discharged from all debts due by him when he became bankrupt, and from all claims and demands made, proveable under such fiat, in case he shall obtain a certificate of such conformity, so signed and allowed, and subject to such provisions as hereinafter mentioned; and no certificate of such conformity by any such bankrupt, shall release or discharge such bankrupt from such debts, claims or demands, unless such certificate shall be obtained, allowed and confirmed according to such provisions:— provided always, that no such certificate shall release or discharge any person who was a partner with such bankrupt at the time of his bankruptcy, or was then jointly bound, or had made any joint contract with such bankrupt.

"XXV. And be it enacted, that it shall be lawful for the commissioner, authorized to act in the prosecution of any fiat in bankruptcy, already issued, or hereafter to be issued, on the application of the bankrupt named in such fiat, to appoint a public sitting, for the allowance of such certificate, to the bankrupt named in such fiat, whereof, and the purport whereof, sixty days notice shall be given in like manner as is before provided by the twenty-second section of this Act; and at any such sitting, any of the creditors of

such bankrupt may be heard against the allowance of such certificate, but it shall not be requisite for such certificate to be signed by any of the creditors of such bankrupt; and such commissioner, having regard to the conformity of the bankrupt to the laws relating to bankrupts, and to the conduct of the bankrupt, as a trader, before as well as after his bankruptcy, shall judge of any objection against allowing such certificate, and either find the bankrupt entitled thereto, and allow the same, or refuse or suspend the allowance thereof, or annex such conditions thereto as the justice of the case may require :— provided always, that no certificate shall be such discharge, unless such commissioner shall in writing, under hand and seal, certify to the court of chancery, that the bankrupt has made a full discovery of the estate and effects, and in all things conformed as aforesaid, and that there does not appear any reason to doubt the truth or fulness of such discovery, and unless the bankrupt make oath in writing that such certificate was obtained fairly and without fraud, and unless the allowance of such certificate shall, after such oath, be confirmed by the court. of chancery, against which confirmation any of the creditors may be heard before such court."

The court were authorized to dispose of the case by nonsuit or default, according to the legal rights of the parties.

*Kent,* for defendants.

The general rule is, that a discharge from the contract, according to the laws of the place where it is made, *or,* where it is to be performed, is good every where, and extinguishes the contract. *Very* v. *McHenry,* 29 Maine, 206.

This contract was made in New Brunswick, and according to the law of the case cited, if there has been a discharge there, it is such every where. The discharge under the New Brunswick Act is from the contract. 5 Vict., c. 43, § 14; 6 Vict., c. 4, § 24.

As to Andrew B. Hammond, one of defendants, he is clearly entitled to a discharge under the law of the case

before cited. As to the other, the question is not open. Here is the adjudication and discharge, and it cannot be impeached for want of jurisdiction. No fraud is alleged, and no issue tendered. The proceedings are regular. And this is not a case where we seek to invoke this discharge in a foreign tribunal, against a claim of one of our citizens, made or to be executed here, but one made there, and to one of their own subjects. The Province of New Brunswick had a right over the contract, and these proceedings are binding on the courts of that Province. This defendant could effectually plead this discharge there. Besides, here are no pleadings raising the question of fraud; and if there was evidence of fraud, the plaintiff is estopped to present it by the law governing this contract, as that matter can only be tried in the bankrupt court. *Morrison* v. *Albee,* 2 N. B. R. 145 ; 5 Vict. c. 43, § 16, also § 17 ; 6 Vict. c. 4, § 25.

The bankrupt law of that Province is dissimilar to the recent one of the United States.

If any stress is laid upon an attachment made in this case, we answer that is only a conditional lien depending wholly upon sustaining the action. If the remedy on the contract is destroyed, a judgment cannot be rendered. The cases between the late Judge Story and the N. H. Courts have little or no bearing on this case. Those decisions related to the meaning of a clause of our Act; if there had been no saving clause of *liens,* no action could be maintained. No such saving clause is in the New Brunswick Act. No title or right even of possession passes by attachment. The creditor acquires no new right of property. *Atlas Bank* v. *Nahant Bank,* 23 Pick. 480 ; *Ex parte Foster,* 2 Story, 140, and cases there cited.

*Granger,* for plaintiff.

The discharge is inoperative for these reasons :—

1. Wm. C. Hammond, before this discharge, at the time, and ever since, has resided with his family in this State. Residence in that Province is an essential requisite to give

jurisdiction to the bankruptcy courts there, and the benefits of the Act are limited to the residents of that Province. Stat. 6 Vict. 1843, § 2.

2. As to the other defendant, though he resided in the Province, he was a tenant in common of certain parcels of real estate in this State which were attached prior to the filing of his petition. And those effects were never surrendered to his assignee. This omission was a fraud. 6 Vict. c. 6, § § 24, 25.

3. But plaintiff, by his attachment, acquired a lien on the estate in Aroostook county. *Harrison* v. *Stevens*, 2 Cranch, 298; *Ogden* v. *Saunders*, 12 Wheat. 313; 2 Kent's Com. 330—1; 6 Bing. 353; 20 Johns. 227; 3 Wend. 538.

This was a right which could not be divested by any proceedings in a foreign jurisdiction under the bankrupt Acts of a foreign country. Cases before cited. *Taylor* v. *Gear*, Kirby, 311; *Fox* v. *Adams*, 5 Greenl. 245.

It is by comity only that effect is ever given to the bankrupt Acts of a foreign country; but it is never extended to enable a debtor to withdraw his effects which have been arrested by attachment.

The provisional assignee under a foreign bankrupt law, acquires no title and no right that he can enforce to the real estate of the bankrupt, out of the jurisdiction of the country enacting the law.

The certificate of discharge cannot therefore defeat this action.

TENNEY, J. — The bankrupt Act, of the Province of New Brunswick, 6 Victoria, (1843,)    § 2, secures to those only who reside in the Province, the benefits of its bankrupt laws.

But it is insisted, that a discharge, after a full hearing upon a petition in bankruptcy and proceedings thereon, is in its nature a judgment of a court of competent jurisdiction, and cannot therefore be impeached, for any cause.

The jurisdiction of a court of another government may

be inquired into, and if a want of jurisdiction appears, no credit will be given to the judgments and decrees of that court. *Middlesex Bank* v. *Butman & al.*, 29 Maine, 19, and cases there cited.

It is agreed that one of the defendants resided in this State, as early at least as the time, when the writ was made, which was nearly six months, before he filed his petition, and his residence has continued here since that time. Consequently the court, before which the proceedings upon the petition of William C. Hammond were had, was without jurisdiction in his case, and the decree of discharge is to be treated, here, as void.

The bankrupt Acts of New Brunswick, provide a mode, in which creditors may be notified of the pendency of petitions of their debtors, for the benefit of those Acts, and give them the opportunity of being heard thereon and of making objections to the decrees prayed for. No provision in any Provincial Act, has been referred to, whereby, after the final discharge of a bankrupt, a rehearing can be had, in a suit upon the original contract, upon the question, whether the petitioner shall still be liable or not, on account of fraud alleged to have been practiced by him, or for other cause. Creditors can object to the decree of discharge, and be heard in their objections only in the bankrupt courts. It would seem, that in this respect, the bankrupt Acts of New Brunswick are unlike the bankrupt law of the United States enacted in 1841. In the latter, it was provided, that a creditor, who had not had an allowance of his claim, in the bankrupt court, could institute a suit upon his demand, and the bankrupt's discharge and certificate would be no defence, if impeached, for fraud or wilful concealment; those creditors only, whose claims were allowed, being treated as parties to subsequent proceedings. *Humphreys* v. *Swett*, 31 Maine, 192. Under the Acts of New Brunswick, it seems to have been designed, that all creditors should be parties to the proceedings in bankruptcy, whether their claims had been allowed or not, after the notice required, and their right

to be heard, was regarded as waived, if they omitted to make their objections to the discharge of the bankrupt, in the manner provided.

It is true, that the bankrupt laws of another country cannot govern courts in this, in regard to contracts made in the former, excepting from a principle of indispensable comity, extending the right to other nations, which it demands and exercises for itself. It is treated as a binding principle of international law, subject to the exception, that if the foreign bankrupt law gives to its own citizens or subjects benefits, which it in effect denies to those of other countries, this comity will not be extended to work injustice to the latter, in their own courts.

The general rule is, that a discharge in bankruptcy from the contract, according to the laws of the place, where it was made, or where it is to be performed, is good every where, and extinguishes the contract. *Very* v. *McHenry*, 29 Maine, 206, and cases there referred to.

The contract, in the note in suit, was both made and was to be performed in the Province of New Brunswick, where both parties resided at some time, and it does not appear, that they resided in any other place, so far as it regards the plaintiff and the defendant Andrew B. Hammond. The discharge of this defendant was obtained in pursuance of the bankrupt laws of that Province, and was a discharge of the contract there. The exception to the general rule applicable to discharges of bankrupts under the laws of other countries, cannot be invoked in this case, as the plaintiff is not shown ever to have been a citizen of the United States, but seeks to obtain a judgment in this suit, when prosecuting it, as a resident of New Brunswick.

The plaintiff however insists, that he has the right to prevail in this suit, on the ground, that Andrew B. Hammond fraudulently omitted to surrender to the commissioner in bankruptcy, valuable real estate in this State, at the time that he surrendered his other property; and that this real

Long v. Hammond.

estate was attached in this suit, before the petition of this defendant was filed.

If the ownership of this real estate was an obstacle to the discharge of Andrew B. Hammond, the plaintiff having been a party to the proceedings in bankruptcy, had all the opportunity, which the Provincial laws afforded, to present it to the court. If he did so, the objection must have been overruled by a tribunal of competent jurisdiction. If he did not make known this objection, from ignorance of the facts, or other cause, he stands now in the same predicament, in his own country, as other litigating parties do, who fail to make out in their own behalf, the strongest case, which the facts might have allowed, while they had day in court; but so long as the judgment remains in full force, it cannot be collaterally impeached, without some legal provision, which may enable parties to do so. Of such provision, in the laws of New Brunswick, we are not advised. To permit the plaintiff to prevail on this ground, after he has had the opportunity to present and insist upon every objection, which was open to him, in the country where he resided, without success, would be granting the right of being heard on the same question in this Court, in order to avoid the effect of a discharge in bankruptcy which was good there, when obtained, and would be a perfect bar to a suit upon the note, instituted in a court in that Province, at this time, and which, by the rule before referred to, is a valid discharge every where.

The bankrupt Acts of the Province of New Brunswick, do not, as far as those Acts have been introduced, give any lien upon property attached by a creditor, before the filing of a petition by one seeking the benefits of those Acts, so that property may be made available to the creditor, notwithstanding the debtor's discharge. The discharge being from the contract itself absolutely, there can be no basis for a judgment against the property attached.

*William C. Hammond defaulted.*
*Andrew B. Hammond discharged.*